WALDEN, Chief Judge.
This is an appeal from a summary final judgment entered in favor of defendants Southern Gulf Utilities, Inc. and Utilities of Lauderhill, Inc. Plaintiff, Broward County, appeals. We affirm.
The judgment determined that Utilities of Lauderhill, Inc. had the exclusive right to operate a water and sewer system in and upon certain land presently within the municipal limits of the City of Lauderhill. Negatively, the judgment found that Bro-ward County had no such right.
Material portions of the order upon which the final judgment was based are as follows:
“ * * * The parties agreed that there was no genuine issue as to any material fact.
“The complaint sets forth a dispute and controversy as to who has the right to furnish water and sewer services to the area described as the W of the W Yz of section 31, township 49 south, range 42 east, the plaintiff contending it has the right and Southern Gulf and the City contending that Southern has the right.
(i * * * * * *
“The City of Lauderhill in 1960 granted a franchise to the predecessor of Utilities of Lauderhill to operate within its city limits; this franchise in 1963 was *226 assigned to Utilities. At the time of the granting of the franchise and its assignment the corporate limits of the city did not extend to the area in question. Such predecessor in interest did however have certificates of public convenience and necessity for water and sewer systems in an adjacent area, granted in 1960; defendants do not now hold any certificates for water and sewer in the disputed area.
“In 1962, plaintiff acquired the assets of South Broward Water Company, which assets included the physical facilities and two 1961 certificates of convenience and necessity for water and sewer systems, which included the area in question; these were cancelled by the Public Utilities Commission shortly after plaintiff’s acquisition. Plaintiff issued bonds to purchase the above assets, pledging the expected revenue.
“In 1965 the subject property was incorporated into the City of Lauderhill. At that time the plaintiff had not owned any physical water or sewer facilities which were located on the property.
“Omitting for the present plaintiff’s main point dealing with impairment of its bond contract, the defendants argue that the plaintiff is precluded from serving the area by §§ 153.03(1) and 153.04, F.S., [F.S.A.] saying that under the former section no facilities may be constructed, owned, operated or maintained by the plaintiff on property located within the corporate limits of the City of Lauderhill without the consent of its city council unless such facilities were owned by the plaintiff on such property prior to the time such property was included in the corporate limits (1965), nor may the plaintiff furnish any facilities to any property already being furnished with like facilities by the City without the express consent of its city council.
“Section 153.03(1) limits the plaintiff to facilities that were owned by it on the property prior to inclusion in the corporate limits of the City of Lauderhill. The plaintiff did not own any water or sewer facilities on the property prior to incorporation. An examination of the definition of the word ‘facility’ and related definitions does not show included therein certificates of public convenience and necessity; in any event, the certificates formerly issued to South Broward Water Company were cancelled, and no legislation was found saving to the plaintiff the advantage of such certificates.
“It further appears from the record that private water and sewer facilities are available to serve the area, bringing into operation § 153.04, F.S. [F.S.A.]; further that pursuant to § 367.08, F.S. [F.S.A.], permitting extensions of existing systems to any territory not receiving a similar service, not defined in any outstanding certificate, and contiguous to territory served by the existing system, the defendant company is authorized to serve the subject territory.
“Plaintiff initially asserted that a construction of the act by which the boundaries of the City of Lauderhill were expanded, which would permit the defendants to furnish water and sewer service to the controverted area, would deprive plaintiff of a vested right without due process, and would divert revenues pledged to the payment of the bonds issued by plaintiff and thus unconstitutionally impair the obligations of plaintiff’s contract with its bondholders.
“It will be observed, however, from reading the bond ordinance and the bond that the obligation of the bond contract has not been impaired in that no revenues pledged to the payment of the bonds have been diverted. The bonds contemplate that only the revenues derived from areas served (Section 4.14. No Competing System.) are pledged. The subject area has never been served by the plaintiff or its predecessor, South Broward Water Company. Furthermore, §§ 153.03(1) and 153.04, F.S. [F.S.A.], and chapters 367 (to which the plaintiff had submitted itself) and 180, F.S. *227 [F.S.A.], were in effect prior to the passage of the bond ordinance and the issuance of the bonds, and were as far as they were applicable as much a part of the bond contract as if each and every provision thereof were written into said contract. Shavers v. Duval County, [Fla.] 73 So.2d 684; McCombs v. West [5 Cir.] 155 F.2d 601. Article VIII, Section 8, of the Constitution, [F.S.A.] giving the legislature the power to enlarge municipal boundaries, was also a part of the bond ordinance as if written therein.
“The court will enter a summary final judgment for the defendants. * * * ”
We have examined the points in the light of the briefs and argument. We find that the trial court order cogently and correctly interpreted and applied the applicable statutes and thereby decided every issue. We adopt the order as representing the opinion of this court.
Affirmed.
REED and OWEN, JJ., concur.